O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ARNOLDO FEUSIER-MARQUEZ,<br><br>              Plaintiff,<br><br>    v.<br><br>ADAM N. TORRES, UNITED STATES MARSHAL FOR THE CENTRAL DISTRICT OF CALIFORNIA; ~~HARLEY G. LAPPIN, DIRECTOR OF FEDERAL BUREAU OF PRISON; ERIC HOLDER JR., ATTORNEY GENERAL; HILLARY RODHAM CLINTON, SECRETARY OF STATE, UNITED STATES OF AMERICA~~,<br><br>              Defendants.<br>_____ | Case No. CV 09-05786 DDP<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Dkt Nos. 1 and 9] |

    Presently before the court is Petitioner Luis Arnoldo Feusier-Marquez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging a magistrate judge's order granting a certificate of extraditability. Having considered the submissions of the parties, the court denies the Petition and adopts the following order.

**I.   Legal Standard**

An individual may only challenge a magistrate's extradition order via a habeas petition. <u>Vo v. Benov</u>, 447 F.3d 1235, 1240 (9th Cir. 2006). Upon review of such an order, this court may only look to 1) whether the extradition magistrate had jurisdiction over the individual, 2) whether the extradition treaty was in force and covered the individual's alleged offense, 3) whether competent evidence supported the magistrate's probable cause determination. <u>Id.</u> This court reviews the magistrate's legal determinations de novo and factual determinations for clear error. <u>Quinn v. Robinson</u>, 783 F.2d 776, 791 (9th Cir. 1986).

**II.  Background**[1]

In September 2001, Mexican police officers apprehended Petitioner as he drove down a highway with a dead woman in the rear of the vehicle. (Petition, Exhibit 4 at 2). The woman was scantily clad, had a plastic bag around her head, and a rope around her neck. <u>Id.</u> On two separate occasions, Petitioner admitted to drugging and strangling the woman, though he later recanted at trial. <u>Id.</u>

Petitioner was brought to trial and acquitted by the trial judge. (<u>Id.</u> at 4, Pet. at 7.) The government appealed the acquittal, and prevailed. (Pet. Ex. 4 at 3.) The appellate court found Petitioner guilty of aggravated homicide and imposed a twenty-seven year sentence. (<u>Id.</u>) By the time the appellate court

---

[1] These facts are drawn from the underlying order granting certification of extradition, attached to the petition as Exhibit 4.

2

1  rendered a decision, however, Petitioner had left Mexico and
2  returned to the United States.  (Id.)
3      Mexican authorities issued a warrant for Petitioner's arrest
4  and made a provisional arrest request to the United States
5  Government.  Pursuant to that request, Petitioner was arrested in
6  the United States in January 2009. (Id. at 1.)  A magistrate judge
7  subsequently found Petitioner extraditable and certified the matter
8  to the United States Secretary of State.  (Id. at 12.)  This
9  petition followed.

## III. Discussion

    A.  Probable Cause

Petitioner first contends that probable cause is lacking because 1) the magistrate erroneously weighed the evidence and 2) Petitioner did not commit the crimes alleged.  (Pet. at 2,3.) Specifically, Petitioner argues that the magistrate failed to appropriately consider the fact that Petitioner was acquitted at trial.  (Id. at 3.)  An extradition magistrate, however, does not weigh evidence and resolve factual disputes.  Quinn, 783 F.2d at 791.  The probable cause requirement is satisfied if there are reasonable grounds to believe that an accused is guilty.  See In re Extradition of Gang-Choon Han, No. CV 11-2059, 2012 WL 33201 *6-7 (C.D. Cal. January 6, 2012).  Here, where Petitioner has already been found guilty by Mexican authorities, and where the Mexican extradition papers show that Petitioner was transporting an undressed, asphyxiated corpse, the probable cause requirement is met.

    B.  Petitioner also argues that extradition would violate Article 6 of the extradition treaty between the United States and

3

1  Mexico, which, applying the international law analogue of the
2  double jeopardy principle, "*non bis in idem,*" prohibits extradition
3  "when the person sought has been prosecuted . . . by the requested
4  Party for the offense for which extradition is requested." (Pet.
5  at 3.)  Because Petitioner was acquitted at trial in Mexico, he
6  argues, he cannot now be extradited for the aggravated homicide
7  offense. (Id.)

8      As Petitioner appears to acknowledge, however, the requested
9  Party here is the United States, which has never prosecuted
10 Petitioner for the homicide. (Pet. at 4:4-5).  Alternatively,
11 Petitioner appears to argue that the appealability of his acquittal
12 in Mexico is itself a violation of double jeopardy and due process.
13 (Id. At 4-5.)  Petitioner provide no authority, however, to support
14 his argument.  Indeed, the Second Circuit addressed, and rejected,
15 a similar argument made with respect to Canadian law, which also
16 permits the government to appeal an acquittal.  See Bloomfield v.
17 Gengler, 507 F.2d 925, 927 (2nd Cir. 1974).  The fact that
18 Petitioner was acquitted at trial in Mexico before he was then
19 convicted on appeal therefore does not remove the aggravated
20 homicide offense from the penumbra of the extradition treaty.

21     C.  Convention Against Torture
22     Lastly, Petitioner argues that to extradite him to Mexico
23 would violate the Convention Against Torture, and that an exception
24 to extradition on humanitarian grounds should apply. (Pet. at 5-
25 6.)  However, "it is the role of the Secretary of State, not the
26 courts, to determine whether extradition should be denied on
27 humanitarian grounds or on account of the treatment that the
28 fugitive is likely to receive upon his return to the requesting

4

state." Prasopat v. Benov, 421 F.3d 1009, 1016 (9th Cir. 2005).  A fugitive fearing torture does not have a ripe habeas claim unless and until the Secretary of State makes a final decision to surrender the fugitive to the requesting party. Garcia v. Benov, 2009 WL 4250694 *4, CV 08-07719 (C.D. Cal. November 17, 2009); Prasopat, 421 F.3d at 1016 n.5 ("[T]he rule of non-inquiry does not prevent an extraditee who fears torture upon surrender to the requesting government from petitioning for habeas corpus review of the Secretary of State's decision to extradite him.").

**IV. Conclusion**

For the reasons stated above, the Petition for Writ of Habeas Corpus is DENIED.  In addition, the EX PARTE APPLICATION (DOCKET NUMBER 9) is DENIED.

IT IS SO ORDERED.

Dated: April 10, 2012

DEAN D. PREGERSON
United States District Judge